Duncan QUARLESS, Plaintiff–
Appellant,

v.

**BRONX LEBANON HOSPITAL CEN-
TER, and Sheldon Ortsman, De-
fendants–Appellees.**

No. 02–9343.

United States Court of Appeals,
Second Circuit.

Sept. 26, 2003.

Lee Nuwesra, New York, NY, for Appellant.

Ricki E. Roer, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, for Appellee.

PRESENT: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff Duncan Quarless, the former Director of Labor Relations at defendant Bronx Lebanon Hospital Center, appeals from orders of the United States District Court for the Southern District of New York (Berman, *J.*) dismissing portions of his federal and state law discrimination claims on August 15, 2000, and granting summary judgment on his remaining claims on September 27, 2002.

The gravamen of plaintiff's claim is that he and other non-white managerial employees at the defendant hospital were generally paid less, given inferior salary increases, and disproportionately targeted for layoffs compared to the hospital's white managers. He additionally alleges that, after repeatedly complaining about these issues and telling the hospital's counsel in an interview for another employee's discrimination lawsuit that he believed that the lawsuit was justified, the hospital and individual defendant in this case retaliated against him by revoking a promised promotion and subjecting him to a hostile work environment that ultimately forced him to resign.

Plaintiff originally alleged state and federal disparate pay, failure to promote, retaliation, hostile work environment, and constructive discharge claims. In the August 15, 2000 ruling, the district court dismissed plaintiff's entire failure to promote, hostile work environment, and constructive discharge claims, as well as his federal retaliation claim, either as time-barred or for failure to state a claim. In the September 27, 2002 ruling, the district court found that a portion of the disparate pay claims were also time-barred, but simultaneously granted summary judgment to defendants on the merits of these claims as well as on plaintiff's remaining state law retaliation claim. We review the district court's rulings *de novo* and, for the reasons that follow, we conclude that the claims were properly dismissed.

Addressing the district court's August 15, 2000 rulings, we agree that plaintiff's federal failure to promote and retaliation claims were properly dismissed. Because the allegedly retaliatory conduct central to both claims—revocation of a promised promotion—occurred more than 300 days before plaintiff filed his EEOC complaint, the district court correctly held

that his claims were time-barred. *See National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 105, 113–14, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (holding that "discrete" acts of discrimination and retaliation, such as failures to promote, are time-barred when they occur outside the applicable filing period, even when they relate to acts for which charges are timely filed). Further, we agree that the remainder of plaintiff's federal retaliation claim fails to allege an "adverse" employment action for substantially the same reasons articulated by the district court.

■ We also agree with the district court's dismissal of plaintiff's state failure to promote claim based on its determination (discussed further *infra* with respect to plaintiff's state law retaliation claim) that plaintiff had failed to allege that the position plaintiff sought was one that remained open and for which the hospital continued to seek applicants.

■ Additionally, the district court correctly dismissed plaintiff's hostile work environment and constructive discharge claims. Plaintiff complains that he was "shunned, kept away from meetings he usually attended, and his authority was undermined" after he made negative comments about defendant hospital at an interview in connection with another employee's lawsuit. (Br. for Appellant at 26.) None of these allegations constitute either a pervasive "discriminatory intimidation, ridicule, and insult," *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)), or working conditions that were "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Stetson v. NYNEX Serv. Co.*, 995 F.2d 355, 361 (2d Cir.1993) (citations and internal quotation marks omitted).

■ Addressing the district court's September 27, 2002 decision, we need not reach plaintiff's arguments that his untimely disparate pay allegations can be salvaged under the "continuing violation" doctrine because plaintiff's evidence failed to establish a prima facie disparate pay claim. The unanalyzed statistical evidence that plaintiff proffers to show that black managers were, on average, paid less than white managers and disproportionately affected by layoffs is of little probative value because it wholly fails to account for any number of nondiscriminatory explanations for the disparities, rendering it "so incomplete as to be inadmissable as irrelevant." *Bickerstaff v. Vassar College*, 196 F.3d 435, 449–50 (2d Cir.1999) (quoting *Bazemore v. Friday*, 478 U.S. 385, 400 n. 10, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986) (Brennan, *J.*, joined by all other members of the Court, concurring in part) and upholding a district court's exclusion of statistical evidence as irrelevant because it failed to account for nondiscriminatory explanations for racial disparities).

Plaintiff also failed to present any evidence to suggest that he was similarly situated with respect to the specific white managers to whom he seeks to compare his salary and raises. Moreover, the evidence establishes that plaintiff's salary was the highest of the four "Directors" in his department for the majority of his tenure, that he received several above-average raises, that he consistently earned one of the highest director-level salaries among the hospital's non-physician managers, and that his salary was above-average among comparable local and national health care employees. Finally, plaintiff cannot validate his claims and comparisons merely by asserting that he assumed responsibilities beyond his stated title and unofficially

served as an "Assistant Vice President" for his department. For these reasons, we agree with the district court that the evidence does not allow for a reasonable inference of discrimination beyond mere speculation or conjecture. *Cf. Bickerstaff,* 196 F.3d at 448 (noting that courts must "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation or conjecture").

■ Lastly, plaintiff's state law retaliation claim was correctly dismissed because plaintiff cannot show that he suffered an adverse retaliatory action, as there is no evidence that the higher position that he alleges was promised but subsequently revoked ever existed or remained open after his departure. Specifically, plaintiff concedes that no such position ever existed in his department, and it is undisputed that his successor was hired to his same former position at the same salary. While the successor was promoted to "Director of Human Resources" two years later, her uncontroverted testimony was that, rather than ascending to an open position, she took on added responsibilities following the departure of another director. These added responsibilities did not include supervision of other directors, which plaintiff claims would have been part of the position he was allegedly promised, and did include tasks that plaintiff concedes were beyond his alleged supervisory responsibilities prior to his departure.

For the foregoing reasons, the judgment of the district court is AFFIRMED.